UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DeJOY,<br><br>       Plaintiff,<br><br>  -against-<br><br>ONE AMERICA; AMERICAN UNNITED LIFE INSURANCE COMPANY; ANDREA DUBE,<br><br>       Defendants. | 1:22-CV-8650 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Michael DeJoy filed this *pro se* action under the Employee Retirement Income Security Act of 1974 ("ERISA"). He sues: (1) One America; (2) American United Life Insurance Company ("American United Life"); and (3) Andrea Dube. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of Indiana.

## DISCUSSION

  Under the applicable venue provision for claims brought under ERISA:

> [w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

  Plaintiff does not allege where the applicable plan is administered or where the alleged breach took place. He does allege, however, that One America, American United Life, and Dube are all located in unspecified locations in Indiana. (ECF 1, at 4.) While Plaintiff does not provide the complete address for any of the defendants, he does provide the same ZIP code for all of them (46206-0368) (*id.*), which is a ZIP code for Indianapolis, Indiana. Indianapolis lies within

the Southern District of Indiana. *See* 28 U.S.C. § 94(b)(1). Because Plaintiff does not allege any facts showing that the applicable plan is administered, that the alleged breach took place, or that the defendants reside or can be found within this judicial district, the Southern District of New York, it is clear from the complaint that this court is not a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because it appears that the defendants reside or can be found in Indianapolis, Indiana, which lies within the Southern District of Indiana, venue lies in the United States District Court for the Southern District of Indiana, *see* § 1132(e)(2), and in the interest of justice, this Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 18, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge